USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/21/11

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | : |
| | : |
| | : CIVIL ACTION NO.: 11-cv-6241 (PGG) |
| Plaintiff, | : |
| | : **CONSENT ORDER OF PERMANENT** |
| v. | : **INJUNCTION, CIVIL MONETARY** |
| | : **PENALTY AND OTHER EQUITABLE** |
| GBFX, LLC and GOLD & BENNETT, LLC, | : **RELIEF AGAINST DEFENDANTS GBFX,** |
| | : **LLC AND GOLD & BENNETT, LLC** |
| Defendants. | : |
| | : |
| | : |

On September 7, 2011, Plaintiff U.S. Commodity Futures Trading Commission (the

"Commission" or "Plaintiff") filed a Complaint for Permanent Injunction, Civil Monetary

Penalties, and Other Equitable Relief ("Complaint") against Defendant GBFX, LLC ("GBFX")

and Gold & Bennett, LLC ("Gold & Bennett") ("Defendants") seeking injunctive and other

equitable relief and penalties for violations of the Commodity Exchange Act ("Act"), as

amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII

(the CFTC Reauthorization Act of 2008 ("CRA")), §§ 13101-13204, 122 Stat. 1651 (enacted

June 18, 2008), to be codified at 7 U.S.C. §§ 1 *et seq.*, and Commission Regulations

("Regulations"), 17 C.F.R. §§ 1.1 *et seq.* (2011). On September 8, 2011, the Commission

properly served GBFX and Gold & Bennett with the Complaint and Summons pursuant to

Federal Rule of Civil Procedure 4(h)(1) by personally delivering copies of the Summons and

Complaint to GBFX's and Gold & Bennett's principal place of business.

## I.    CONSENTS AND AGREEMENTS

To effect settlement of the matters alleged in the Complaint against GBFX and Gold & Bennett, without a trial on the merits or further judicial proceedings, GBFX and Gold & Bennett:

1.    Consent to the entry of this Consent Order of Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief ("Consent Order");

2.    Affirm that GBFX and Gold & Bennett, through their officers, agents, and attorneys, have read and agreed to this Consent Order voluntarily, and that no promise, other than as specifically contained herein, or threat, has been made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Consent Order;

3.    Acknowledge service of the Summons and Complaint;

4.    Admit the jurisdiction of this Court over GBFX and Gold & Bennett and the subject matter of this action pursuant to Section 6c(a) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 13a-1(a), which authorizes the Commission to seek injunctive relief against any person whenever it shall appear to the Commission that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder;

5.    Admit the jurisdiction of the Commission over the conduct and transactions at issue in this action pursuant to Section 6c of the Act, as amended, to be codified at 7 U.S.C. § 13a-1;

6.    Admit that venue properly lies with this Court pursuant to Section 6c(e) of the Act, as amended by the CRA, to be codified at 7 U.S.C. §13a-1(e);

7.   Waive:

a.   Any and all claims that they may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 (2006) and 28 U.S.C. § 2412 (2006), and the rules promulgated by the Commission in conformity therewith, Part 148 of the Regulations, 17 C.F.R. §§ 148.1 *et seq.* (2011), relating to, or arising from, this action;

b.   Any and all legal claims that they may possess under the Small Business Regulatory Enforcement Fairness Act of 1996, Pub. L. No. 104-121, §§ 201-253, 110 Stat. 847, 857-68 (1996), as amended by Pub. L. No. 110-28, § 8302, 121 Stat. 112, 204-205 (2007), relating to, or arising from, this action;

c.   Any claim of Double Jeopardy based upon the institution of this action or the entry in this action of any order imposing a civil monetary penalty or any other relief, including this Consent Order; and

d.   Any and all rights of appeal from this action;

8.   Consent to the continued jurisdiction of this Court over GBFX and Gold & Bennett for the purpose of implementing and enforcing the terms and conditions of this Consent Order, resolving the issue of the amount of civil monetary penalties, and for any other purpose relevant to this action, even if GBFX or Gold & Bennett now or in the future reside outside the jurisdiction of this Court;

9.   Agree that GBFX and Gold & Bennett will not oppose enforcement of this consent Order on the ground that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and waives any objection based thereon;

10.   Agree that neither they nor any of their agents or employees under their authority or control shall take any action or make any public statement denying, directly or indirectly, any

allegation in the Complaint or Findings of Fact or Conclusions of Law in this Consent Order, or creating, or tending to create, the impression that the Complaint and/or this Consent Order is without a factual basis; provided, however, that nothing in this provision shall affect their (a) testimonial obligations or (b) right to take legal positions in other proceedings to which the Commission is not a party. GBFX and Gold & Bennett shall take all necessary steps to ensure that all of their agents and/or employees under their authority or control understand and comply with this agreement;

11. By consenting to the entry of this Consent Order, neither admit nor deny the allegations of the Complaint or the Findings of Fact or Conclusions of Law made in this Consent Order, except as to jurisdiction and venue, which they admit. Further, GBFX and Gold & Bennett agree and intend that the allegations contained in the Complaint and all of the Findings of Fact and Conclusions of Law contained in this Consent Order shall be taken as true and correct and be given preclusive effect, without further proof, in the course of: (a) any current or subsequent bankruptcy proceeding filed by, on behalf of, or against any of them; (b) any proceeding pursuant to Section 8a of the Act, as amended, to be codified at 7 U.S.C. § 12a, and/or Part 3 of the Regulations, 17 C.F.R. §§ 3.1 *et seq.* (2011); and/or (c) any proceeding to enforce the terms of this Consent Order;

12. Agree to provide immediate notice to this Court and the Commission by certified mail, in the manner required by Part VI of this Consent Order, of any bankruptcy filed by, on behalf of, or against GBFX and/or Gold & Bennett, whether inside or outside the United States; and

13. Agree that no provision of this Consent Order shall in any way limit or impair the ability of any other person or entity to seek any legal or equitable remedy against GBFX and Gold & Bennett in any other action or proceeding.

## II.   FINDINGS AND CONCLUSIONS

The Court, being fully advised in the premises, finds that there is good cause for the entry of this Consent Order and that there is no just reason for delay. The Court therefore orders GBFX and Gold & Bennett to pay a civil monetary penalty, and orders other equitable relief pursuant to Section 6c of the Act, to be codified at 7 U.S.C. § 13a-1, as set forth herein, and directs the entry of the following Findings of Fact, Conclusions of Law, and permanent injunction.

## THE PARTIES AGREE AND THE COURT HEREBY FINDS:

### A.   Findings of Fact

14. Plaintiff **U.S. Commodity Futures Trading Commission** is an independent federal regulatory agency that is charged by Congress with the administration and enforcement of the Act, as amended by the CRA and the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 ("Dodd-Frank Act"), Pub. L. No. 111-203, Title VII (the Wall Street Transparency and Accountability Act of 2010), §§701-774, 124 Stat. 1376 (enacted July 21, 2010), to be codified at 7 U.S.C. §§ 1 *et seq.*, and the Regulations promulgated thereunder, 17 C.F.R. §§ 1.1 *et seq.* (2011).

15. Defendant **GBFX, LLC** is a corporation with its principal place of business located at 48 Wall Street, 7th Floor, New York, New York, 10005. GBFX was incorporated in the state of New York on June 15, 2009. GBFX has never been registered with the Commission in any capacity.

16.    Defendant **Gold & Bennett, LLC**, is a corporation with its principal place of business located at 48 Wall Street, 7th Floor, New York, New York, 10005. Gold & Bennett was incorporated in the state of New York on April 17, 2008. Gold & Bennett has never been registered with the Commission in any capacity.

17.    On October 18, 2010, the Commission adopted new regulations implementing certain provisions of the Dodd-Frank Act and the CRA. For the purpose of forex transactions, the new regulations, among other things, require introducing brokers ("IBs") to register with the Commission before soliciting or accepting orders from a non-Eligible Contract Participant ("ECP") in connection with a foreign exchange transaction at a Retail Foreign Exchange Dealer ("RFED") or a Futures Commission Merchant ("FCM").

18.    Beginning on October 18, 2010, and continuing to at least September 7, 2011 (the "relevant period"), Defendants acted as IBs by maintaining a website, www.goldbennettfx.com, through which Defendants solicited funds from United States customers for the purpose of opening and maintaining individual retail foreign currency trading accounts and participating in off-exchange retail forex transactions.

19.    During the relevant period, Defendants also engaged in business by conducting correspondence with customers through their shared website, by accepting customer telephone calls through a United States telephone number, (212) 660-6128, and by accepting customer email correspondence at: info@goldbennett4x.com and info@gb2x.com.

20.    During the relevant period, Defendants held themselves out to the public as IBs that solicit orders in connection with forex transactions. Their website states: "Headquartered in the Financial District of Manhattan, GBFX acts as an Introducing Broker ("IB") and authorized referral agent for foreign exchange clearing firm City Credit Capital (UK) Ltd."

21.     Through Defendants' shared website, individual accounts were opened, contract agreements were provided, and free trial trading accounts were offered to United States customers, including "complimentary $50,000 trial accounts," according to the website.

22.     The website offered managed and self-managed accounts, and it stated that investors who trade through Defendants "are given competitive bid-offer spreads, and trades are rapidly executed through our Straight Through Processing (STP)."

23.     Defendants' website does not require solicited account applicants to state or certify (nor does the contract agreement provided therein provide or limit) that applicants are ECPs, that is, individuals with total assets in excess of (i) $10 million, or (ii) $5 million who enter into forex transactions "to manage the risk associated with an asset owned or liability incurred, or reasonably likely to be owned or incurred, by the individual." The website shared by GBFX and Gold & Bennett did not impede United States residents from opening forex trading accounts.

**B.     Conclusions of Law**

24.     This Court has jurisdiction over this action pursuant to Section 2(c)(2) and Section 6c of the Act, as amended by the CRA, to be codified at 7 U.S.C. §§ 2(c)(2) and 13a-1, which authorizes the Commission to seek injunctive relief against any person whenever it shall appear to the Commission that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of the Act or any rule, regulation, or order thereunder.

25.     Venue properly lies with the Court pursuant to Section 6c(e) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 13a-1(e).

26.    The Commission has jurisdiction over GBFX's and Gold & Bennett's forex transactions pursuant to Section 2(c)(2)(C) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C).

27.    Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, specifically states that a person must be registered with the Commission in order to solicit/accept orders from non-ECPs in connection with retail forex transactions at a FCM or an RFED unless they are a financial institution, registered broker or dealer or an associated person thereof, insurance company, financial holding company, or investment bank holding company.

28.    The transactions referred to include leveraged or margined forex transactions conducted with non-ECPs at a RFED. These transactions did not result in actual delivery of the traded foreign currency within two days or create an enforceable obligation to deliver the foreign currency between a seller and a buyer that have the ability to deliver and accept delivery, respectively, in connection with their lines of business.

29.    An ECP is defined by the Act, in relevant part, as an individual with total assets in excess of (i) $10 million, or (ii) $5 million and who enters the transaction "to manage the risk associated with an asset owned or liability incurred, or reasonably likely to be owned or incurred, by the individual." *See* Section 1a of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 1a.

30.    Neither GBFX nor Gold & Bennett is exempt from registration under Section 2(c)(2)(C) of the Act, which exempts certain financial institutions, registered brokers or dealers, or an associated person thereof, insurance companies, financial holding companies, or investment bank holding companies.

31.     GBFX and Gold & Bennett violated Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa), by soliciting and accepting orders from non-ECPs in the United States in connection with forex transactions at an RFED without being properly registered with the Commission.

32.     On October 18, 2010, the Commission enacted new regulations implementing certain provisions of the Dodd-Frank Act and the Act, as amended by the CRA, with respect to off-exchange forex transactions.

33.     For the purposes of Part 5 of the Regulations, an IB who is engaged in off-exchange forex transactions is defined in Regulation 5.1(f)(1), 17 C.F.R. § 5.1(f)(1) (2011), as any person who solicits or accepts orders from a customer that is not an ECP, *i.e.* individuals with total assets in excess of (i) $10 million, or (ii) $5 million and who entered the transaction "to manage the risk associated with an asset owned or liability incurred, or reasonably likely to be owned or incurred, by the individual." GBFX and Gold & Bennett meet the definition of an IB under Regulation 5.1(f)(1), 17 C.F.R. § 5.1(f)(1) (2011).

34.     Pursuant to Regulation 5.3(a)(5)(i), 17 C.F.R. § 5.3(a)(5)(i) (2011), all IBs engaged in retail forex transactions, as defined in Regulation 5.1(f)(1), must be registered with the Commission as of October 18, 2010. During the relevant period, GBFX and Gold & Bennett acted as IBs, as defined in Regulation 5.1(f)(1), 17 C.F.R. § 5.1(f)(1) (2011), and because they failed to register as IBs, they violated Regulation 5.3(a)(5)(i), 17 C.F.R. § 5.3(a)(5)(i) (2011).

### III.    ORDER FOR PERMANENT INJUNCTION

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

**A.    Prohibition on Violations of Section 2(c)(2)(C)(iii)(I)(aa) of the Act and Regulation 5.3(a)(5)(i)**

1.    GBFX and Gold & Bennett shall be permanently restrained, enjoined, and prohibited from engaging in any conduct in violation of Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa), including, but not limited to, soliciting or accepting orders from any person that is not an ECP in connection with retail forex transactions;

2.    GBFX and Gold & Bennett shall be permanently restrained, enjoined, and prohibited from engaging in any conduct in violation of Regulation 5.3(a)(5)(i), 17 C.F.R. § 5.3(a)(5)(i) (2011), including, but not limited to, acting as an introducing broker without being registered in connection with retail forex transactions; and

3.    GBFX and Gold & Bennett shall be permanently restrained, enjoined, and prohibited from maintaining a website to solicit funds from United States customers for the purpose of opening and maintaining individual retail foreign currency trading accounts and participating in off-exchange forex transactions while not registered under applicable provisions of the Act, as amended by the CRA, and Regulations.

**Trading, Solicitation and Registration Prohibitions**

4.    Until the civil monetary obligation set forth in Part IV of this Order is paid to the Commission, all persons and entities insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of GBFX and Gold & Bennett, and all persons and entities insofar as they are acting in concert or participation with GBFX or Gold & Bennett who

receive actual notice of this Order by personal service or otherwise, shall be permanently

prohibited, enjoined and restrained from directly or indirectly:

a. trading on or subject to the rules of any registered entity (as that term is defined in Section 1a of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 1a);

b. entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 1.3(hh), 17 C.F.R. § 1.3(hh)) (2011)) ("commodity options"), securities futures products, and/or foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act, as amended by the CRA, to be codified at 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i)) ("forex contracts"), for their own personal account or for any account in which they have a direct or indirect interest;

c. having any commodities futures, options on commodity futures, commodity options, swaps, securities futures products, and / or forex contracts traded on their behalf;

d. controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, securities futures products, and/or forex contracts;

d. soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, securities futures products, and/or forex contracts;

e. applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2011); and

f. acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2011)), agent, or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2011).

## IV.   ORDER OF CIVIL MONETARY PENALTY

IT IS FURTHER ORDERED that:

1.      GBFX and Gold & Bennett are liable to pay to the Commission a civil monetary penalty, pursuant to Section 6c of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 13a-1. The amount of the civil monetary penalty is to be determined within 90 days after entry of this Consent Order by agreement between the Commission and GBFX and Gold & Bennett or, in the alternative, by the Court.

2.      In connection with any hearing or briefing to determine the amount of civil monetary penalty, and at any oral argument held: (a) GBFX and Gold & Bennett shall be precluded from arguing that they did not violate the Act as alleged in the complaint and found in this consent Order; (b) GBFX and Gold & Bennett may not challenge the validity of this Consent Order or their consent thereto; (c) solely for purposes of such hearing, briefing, or argument, the allegations of the Complaint shall be accepted and deemed true by the Court; and (d) the Court may determine the issues raised in the hearing, briefing, or argument on the basis of affidavits, declarations, excerpts of sworn testimony or investigative testimony and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(e) of the Federal Rules of Civil Procedure and without conducting an evidentiary hearing.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that this Court shall retain jurisdiction of this matter for the purpose of: resolving the reserved issues of the amount of civil monetary penalty; implementing and enforcing the terms and conditions of this Consent Order; and for any other purpose.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Consent Order forthwith and without further notice.

## V.      MISCELLANEOUS PROVISIONS

    1.     Notice: All notices required to be given by any provision in this Order shall be sent certified mail, return receipt requested, as follows:

Notice to the Commission:

>     Director of Enforcement
>     U.S. Commodity Futures Trading Commission
>     Division of Enforcement
>     1155 21st Street, N.W.
>     Washington, DC 20581

Notice to Defendants GBFX and Gold & Bennett:

>     Felix Shipkevich
>     The Shipkevich Law Firm
>     483 Broadway
>     Fifth Floor
>     New York, NY 10013

All such notices to the Commission shall reference the name and docket number of this action.

    2.     Change of Address or Telephone: Until such time as GBFX and Gold & Bennett satisfy in full their civil monetary obligation as to be ordered by this Court pursuant to the procedure set forth in Part IV.I of this Consent Order, GBFX and Gold & Bennett shall provide written notice to the Commission by certified mail of any change to their contact telephone numbers and mailing addresses within ten (10) calendar days of the change.

    3.     Entire Agreement and Amendments: This Order incorporates all of the terms and conditions of the settlement among the parties hereto. Nothing shall serve to amend or modify this Consent Order in any respect whatsoever, unless: (1) reduced to writing; (2) signed by all parties hereto; and (3) approved by order of this Court.

    4.     Invalidation: If any provision or the application of any provision of this Order is held invalid, the remainder of this Consent Order and the application of the provisions to any other person or circumstance shall not be affected by the holding.

5.     Waiver: The failure of any party to this Consent Order at any time to require performance of any provision of this Consent Order shall in no manner affect the right to enforce the same or any other provision of this Consent Order at a later time. No waiver in one or more instances of the breach of any provision contained in this Consent Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Consent Order.

6.     Acknowledgements: Upon being served with copies of this Consent Order after entry by the Court, GBFX and Gold & Bennett shall sign acknowledgements of such service and serve such acknowledgements on the Court and the Commission within 14 days.

7.     Continuing Jurisdiction of this Court: This Court shall retain jurisdiction of this action for the purpose of implementing and enforcing the terms and conditions of this Consent Order, resolving the issue of the amount of civil monetary penalties and for all other purposes relevant to this action.

8.     Injunctive and Equitable Relief Provisions: The injunctive and equitable relief provisions of this Consent Order shall be binding upon GBFX and Gold & Bennett and any person who is acting in the capacity of officer, agent, employee, servant, or attorney of GBFX or Gold & Bennett, and any person or entity acting in active concert or participation with GBFX and/or Gold & Bennett who receives actual notice of this Consent Order by personal service or otherwise.

9.     Authority: Ronald Goldfine hereby warrants that he is the principal of GBFX and Gold & Bennett, that this Consent Order has been duly authorized and approved by GBFX and Gold & Bennett, and that he has been duly empowered to agree to, sign and submit this Consent Order on behalf of GBFX and Gold & Bennett.

10.     Future Registration: Should GBFX, Gold & Bennett, or any of their principals or employees, seek to register with the Commission in any capacity, this Consent Order shall not be used as the only grounds for denial of registration with the Commission.

11.     Counterparts and Facsimile Execution: This Consent Order may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties and delivered (by facsimile, e-mail, or otherwise) to the other party, it being understood that all parties need not sign the same counterpart. Any counterpart or other signature to this Consent Order that is delivered by any means shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Consent Order.

12.     GBFX and Gold & Bennett understand that the terms of the Consent Order are enforceable through contempt proceedings, and that, in any such proceedings, it may not challenge the validity of this Consent Order.

13.     There being no just reason for delay, the Clerk of the Court is hereby directed to enter this Consent Order against GBFX, LLC and Gold & Bennett, LLC.

SO ORDERED:

_____     Dec. 20, 2011
Hon. Paul G. Gardephe
Judge, U.S. District Court

CONSENTED TO:

Dated: 12 | 13 , 2011

GBFX, LLC and Gold & Bennett, LLC

By: _____

Printed Name: _____

Title: _____

NOTARY:

On December 13 , 2011, Ronald Goldhisa person known to me, personally

appeared before me and acknowledged executing the foregoing Consent.

By: _____

Printed Name: Elan Mantel

My Commission Expires: 9/10/15

APPROVED AS TO FORM:

Dated: December 13, 2011

By: _____
Felix Shipkevich

Felix Shipkevich
The Shipkevich Law Firm
483 Broadway
Fifth Floor
New York, NY 10013

Dated: December 15, 2011

Respectfully submitted,

By: _____
Attorneys for Plaintiff
UNITED STATES COMMODITY

Page 16 of 18

FUTURES TRADING COMMISSION

Joseph Rosenberg (jrosenberg@cftc.gov)
Senior Trial Attorney
Eastern Regional Office
140 Broadway, 19th Floor
New York, New York 10005
Telephone: (646) 746-9765
Facsimile: (646) 746-9940

Tara R. Kelly (t_kelly@cftc.gov)
John Einstman (jeinstman@cftc.gov)
Three Lafayette Center
1155 21st Street, N.W.
Washington, D.C. 20581
Telephone: (202) 418-5914 (Kelly)
Facsimile: (202) 418-5523